**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THE REPUBLIC OF NICARAGUA, a foreign County; et al., <br><br> Defendants-Appellees. | No. 18-56269 <br><br> D.C. No. 2:13-cv-04332-DMG-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted January 28, 2020[**]

Before: FARRIS, D.W. NELSON, and SILVERMAN, Circuit Judges.

Jairo Sequeira appeals pro se from the district court's order dismissing his

action against the Republic of Nicaragua, the City of Chinandega, and the City of

El Viejo (the "sovereign defendants") for lack of subject matter jurisdiction. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 304–05 (9th Cir. 1997). We affirm.

The district court properly dismissed Sequeira's action against the sovereign defendants for lack of subject matter jurisdiction because Sequeira failed to meet his burden of production to establish an exception to the sovereign defendants' immunity under the FSIA. *See* 28 U.S.C. § 1605(a)(1)–(3),(5); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (setting forth burden-shifting framework of the FSIA when a defendant makes a factual jurisdictional challenge); *In re Republic of Philippines*, 309 F.3d 1143, 1149 (9th Cir. 2002) (a court may only exercise subject matter jurisdiction over a foreign and their agents or instrumentalities when one of the exceptions to immunity under the FSIA applies). In doing so, the district court properly took evidence and resolved factual disputes. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Intern. Drilling Co.*, 137 S. Ct. 1312, 1316–17 (2017) ("[W]here jurisdictional questions turn upon further factual development, the trial judge may take evidence and resolve relevant factual disputes."). Sequeira's contentions that the district court applied the incorrect standard in determining whether the FSIA immunity

exceptions applied is unpersuasive, and we reject as unsupported by the record his contentions that the district court erred in its consideration of the parties' declarations.

The district court's order the granting sovereign defendants' motion to dismiss did not violate the law of the case doctrine because this court's dismissal of Sequeira's previous action against the sovereign defendants did not decide the issue of whether subject matter jurisdiction existed. *See Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (explaining that the law of the case doctrine pertains to reconsideration of "an issue that has already been decided by the same court or a higher court in the same case" (citation and internal quotation marks omitted)).

The district court properly considered the sovereign defendants' motion to dismiss for lack of subject matter jurisdiction. *See In re Apple Iphone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction . . . may be made at any time."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The district court did not abuse its discretion in denying Sequeira's motion

for reconsideration of the denial of his request for jurisdictional discovery because Sequeira's motion restated the arguments made in support of his original motion without establishing any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)); C.D. Cal. Local Rule 7-18(c) (setting forth grounds for reconsideration under local rules); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for compliance with local rules); *see also Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1094 (9th Cir. 2018) (affirming denial of discovery request were plaintiff did not identify "specific facts crucial to an immunity determination" that it wished to verify (citation omitted)).

The district court did not abuse its discretion by denying Sequeira's motion for sanctions because Sequeira failed to satisfy the requirements of Federal Rule of Civil Procedure 11. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819, 826 (9th Cir. 2009) (setting forth standard of review and explaining that a failure to comply with the safe harbor provision under Fed. R. Civ. P. 11(c) precludes awarding sanctions); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir.

2005) (safe harbor provision is strictly enforced).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**